IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| REGINALD E. BARKSDALE, # 200506234, ) | Civil Action No. 3:06-99-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOEY PRESTON, COUNTY MANAGER; ) | |
| ARLETTE JONES, CAPTAIN, MEDICAL; ) | |
| CINDY HAIST, RN, ANDERSON COUNTY ) | |
| DETENTION CENTER, ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Defendants. ) | |
| ) | |

This action was filed by Plaintiff on January 20, 2006.[1] At the time of the alleged incidents, Plaintiff was housed at the Anderson County Detention Center ("ACDC"). He is currently incarcerated in New York. Defendants are Joey Preston ("Preston"), the Anderson County Manager; Captain Arlette Jones ("Jones"), an employee of ACDC; and Cindy Haist, at nurse at ACDC. On June 15, 2006, Defendants filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on June 20, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed numerous motions and what appear to be statements of his claim, but did not file any materials in opposition to summary judgment. Plaintiff requested and was granted extensions of time to respond until December 8, 2006. He has, however, not provided any further response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff appears to assert that Defendants were deliberately indifferent to his medical needs after he injured himself at ACDC. He writes:

> On 12-3-05 at 10:30pm the floor was wet in cell 12-1. I was trying to cross the bench and my feet slip[p]ed from under me. I was trying to catch my balance with my right hand and landed on the side of my hand. At the same time my right leg was caught on 2 p[i]eces of sharp me[t]al, which is part of the table and bench in the cell. At about 11:00 pm I informed Lt. Strickland and Lt. Ham about my fall. I begged them to take me to the hospital and [have] my arm put in a cast. Ms. Cindy Haist[,] R.N. for the Anderson Detention Center, told me that the medical department had did [sic] all that they were going to do [and if I] did [not] like it, [then I should] sue the A.C.D.C. medical department. Dr. James C. Mills MD of the Blue Ridge Orthopaedics, said that I needed 6 to 8 months of orthopa[e]dic follow up so my arm and hand would be nor[mal] again.

Complaint at 4. Plaintiff requests a favorable decision against ACDC and that the court order ACDC to provide medical care to Plaintiff and all inmates at ACDC.[2] Complaint at 5.

Defendants contend that they are entitled to summary judgment because: (1) Plaintiff failed to allege federal court jurisdiction in his complaint; (2) he fails to state a claim; (3) he fails to show that Defendants were deliberately indifferent to his medical needs; (4) Defendants are entitled to qualified immunity; (5) Defendants are entitled to Eleventh Amendment immunity; (6) Defendants

---

[2]Plaintiff lacks standing to assert claims on behalf of other detainees. See Laird v. Tatum, 408 U.S. 1 (1972). See also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

are not "persons" under § 1983 in their official capacities; and (7) any state claims should be dismissed pursuant to the South Carolina Tort Claims Act.

       1.     <u>Medical Claims</u>

Plaintiff appears to allege that Defendants were deliberately indifferent to his medical needs.³ Defendants contend that Plaintiff fails to show deliberate indifference because he was treated in the emergency room on the day he was injured and received follow up care from an orthopaedist.

In the case of <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," <u>Id.</u>, quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 169-73 (1976).⁴ The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
>                       \* \* \* \* \* \* \*
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," <u>Gregg v. Georgia,</u> <u>supra</u>, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of

---

³In a statement filed August 31, 2006, Plaintiff appears to allege that Defendant Jones gave him the wrong medication and Defendant Haist failed to give him some pain medication. These claims, which were not asserted in the Complaint, are not properly before the court. Further, Plaintiff has not alleged when these incidents occurred.

⁴Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See <u>City of Revere v. Massachusetts Gen. Hosp.</u>, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See <u>Martin v. Gentile</u>, 849 F.2d 863, 871 (4th Cir. 1988)(citing <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)).

> how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An

> act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. Plaintiff was treated at the Anderson Area Medical Center Emergency Room on December 31, 2005. Dr. Laurie Nall, an ER physician, examined Plaintiff at 2:05 p.m. and ordered Ibuprofen 800, Cephalexin, and a tetanus shot. An x-ray of Plaintiff's right hand revealed a fracture of his distal fifth metacarpal. Dr. Nall applied and secured a plaster splint to Plaintiff's hand and closed his right leg wound. She referred Plaintiff to Dr. James Mills, an orthopaedist, for follow-up treatment. Defendants' Motion for Summary Judgment, Ex. A.

On January 6, 2006, Plaintiff was taken by ACDC employees to Dr. Mills' office for his scheduled appointment. X-rays revealed good alignment and Dr. Mills planned for Plaintiff to remain in his splint for three weeks. Dr. Mills instructed Plaintiff to return in two weeks. On January 20, 2006, employees of the ACDC escorted Plaintiff to his scheduled follow-up appointment with Dr. Mills. Dr. Mills examined Plaintiff and told him to return in one week. On January 31, 2006, employees of ACDC took Plaintiff to Dr. Mills' office. Dr. Mills noted that Plaintiff had good

clinical alignment of his hand. He instructed Plaintiff to wear a brace for two weeks. He provided Plaintiff with instruction in home stretching exercises and told Plaintiff to perform the exercises eight to ten times a day. Dr. Mills released Plaintiff, indicating he would see Plaintiff on an as-needed basis. Defendants' Motion for Summary Judgment, Ex. B.

To the extent Plaintiff alleges that treatment of his injury was initially delayed because he was not treated at the emergency room until the day after his injury, he fails to establish a claim because he has not shown that he suffered any serious injury or harm due to any delay. See Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir. 1994), abrogated on other grounds, Hope v. Pelzer, 536 U.S. 730 (2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Further, Plaintiff did not name those allegedly responsible (Lt. Strickland and Lt. Hamm) as defendants in this action.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should have received different medical treatment, he fails to show that Defendants' actions or inactions rose to the level of a constitutional violation.

    2.    <u>Immunity</u>

Defendants contend that they are entitled to qualified immunity.[5] The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated his established

---

[5] Defendants also contend that they are entitled to Eleventh Amendment immunity and that in their official capacities they are to be treated as the State of South Carolina and thus are not subject to suit. Defendant Preston is an employee of the County of Anderson and Defendants Haist and Jones are employees of ACDC. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989). A determination that the state treasury will be liable for judgment is largely, if not wholly, dispositive of entitlement to Eleventh Amendment immunity. See Gray v. Laws, 51 F.3d 426 (4th Cir. 1995). It is unclear whether Defendants are employees of the state and thus there is insufficient information provided to determine whether they are entitled to Eleventh Amendment immunity.

7

constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

    3.    <u>State Law Claims</u>

It is unclear whether Plaintiff is attempting to assert claims under South Carolina law. As Plaintiff fails to show that Defendants violated his rights under federal law (as discussed above), only potential state law claims remain. Thus it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

### MOTIONS TO DISMISS

Plaintiff filed motions to dismiss Defendant Preston on August 14 and 31, 2006. In his August 31, 2006 motion, Plaintiff states that he wishes to dismiss Preston because he discovered he is suing the wrong person. On August 21, and September 11, 2006, Defendants filed responses in which they state they do not oppose Plaintiff's motions if Preston is dismissed with prejudice. It is unclear whether Plaintiff is asking to dismiss Preston with or without prejudice. As it is recommended that claims against Preston be dismissed (with prejudice) on the merits, it is recommended that Plaintiff's motions to dismiss be denied.

### CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 26) be granted and Plaintiff's motions to dismiss (Docs. 41 and 48) be denied.

                                  Respectfully submitted,

                                  s/Joseph R. McCrorey
December 14, 2006                 United States Magistrate Judge
Columbia, South Carolina
   **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).